## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| Plaintiff, | |
| v. | **CRIMINAL NO. 12-00004 (JAF)** |
| **GILBERTO VARELA-RIVERA** | |
| Defendant. | |

### UNITED STATES OF AMERICA'S RESPONSE IN OPPOSITION TO á DEFENDANT'S MOTION TO SUPRESS EVIDENCE

**TO THE HONORABLE COURT:**

**COMES NOW** the United States of America, through its attorneys and very respectfully states and prays as follows:

## I.  INTRODUCTION

On January 4th 2012, a Grand Jury found probable cause to charge Gilberto Varela Rivera (hereafter, "defendant") with the crimes of possession of a firearm while being a convicted felon, in violation of 18 U.S.C. §922(g)(1); Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. §924(c); and two counts of Possession With Intent to Distribute Controlled Substancesin violation of 21 U.S.C. §841.  (Docket No. 8).

On March 2, 2012, the defendant filed a *Motion to Suppress Statements and Physical Evidence*.  (Docket No. 24).   On the aforementioned motion, the defendant requests the suppression of all physical evidence, testimonial evidence and statements attributed to him resulting from the December 19, 2011, intervention and arrest.

The defendant claims that the evidence seized and the subsequent statements he made to the law enforcement agents should be suppressed because: all physical evidence was obtained after a

<u>U.S. v. Gilberto Varela Rivera</u>
Crim. No. 12-00004 (JAF)

warrantless search in violation of the Fourth Amendment and because the waiver of his Miranda rights was involuntary and unknowing.

The United States respectfully submits that the defendant's motion and requests should be denied because the defense motion to suppress was filed late on the stage of the proceedings.  In the alternative, defendant's motion and request should be denied because: 1) the defendant had **no** expectation of privacy at the motel room when the police arrived and therefore has no standing to challenge the entrance; and 2) the defendant statements to the agents were made knowing and voluntarily.

## II.  <u>FACTUAL BACKGROUND</u>

On December 19, 2011, approximately at 4:00 am, the employee in charge of the office at La Roca Motel in Arecibo, Puerto Rico, realized that the rental period of room 90 had expired. Therefore, he asked another employee to check on the client of the room to verify if he wished to continued with the rental service or if he was leaving the room.  Multiple attempts were made to communicate with the client of room number 90, to no avail.  After a while, the employees were worried and around 6:00 am they decided to call the police.  Around 6:30 am, agents of the Puerto Rico Police Department in Arecibo responded to a call from employees of the La Roca Motel in Arecibo, Puerto Rico.  The motel employee called the PRPD to report that a person in room 90 had overstayed and that despite multiple efforts of the employees to communicate with the person, no response was received.  One of the agents that arrived at the scene, also tried to contact the person inside room 90, to no avail.  Based on the aforementioned circumstances, and afraid that a tragedy had taken place inside room 90, the owner of the motel authorized the employees to open the door of the room and verify what was going on.

Once the door was opened, the agent found a man, later identified as Gilberto Varela-Rivera, (the defendant) lying on the bed asleep, with a firearm next to him, on the bed.  The agent also saw money and a mesh like (see through) bag containing drugs on top of a table inside the room. Another opened bag was also found on top of a chair by the table.  The same contained drugs, money, a scale, and a notebook

Due to the evidence discovered, the agent contacted the Drug Division of the PRPD.     The agents of the Drug Division responded to the scene approximately at 7:30am.  After been briefed on the situation, one of the agents of the Drug Division entered the room, saw the defendant asleep on the bed and waked him up shaking him by the shoulders.  The defendant was then asked if he had a permit to possess firearms, to which he replied that he did not.  Varela was advised of his Miranda rights and placed under arrest.

A wine colored Mitsubishi Outlander, license plate HNE 744, was parked inside room's 90 garage.   Inside the van a Glock brand magazine, loaded with 14 rounds of 0.40 caliber ammunition was also found.

The drugs found at the scene tested positive to both marihuana and cocaine base "crack".

Further investigation revealed that the defendant had been previously convicted in state court of charges exceeding a 1 year sentence and that the firearm found at the motel was modified with a CHIP that allows it to shoot automatically more than one shot, without manual reloading, by a single function of the trigger.

### III. LEGAL ANALYSIS

#### 1.  Warrantless Search of the Motel Room

The Defendant claims that he had a legitimate expectation of privacy in the motel room the enables him to assert a Fourth Amendment challenge.  He claims, that his rights were violated as

a result of the warrantless entry that led to the seizure of evidence because he did not provide consent to enter the motel room.  Defendant contentions are wrong.  The United States submits that the defendant had no expectation of privacy in the motel room at the time the agents entered the same.  Therefore, he has no standing to challenge the entrance of the agents to the room. Moreover, not only did a motel employee contacted the PRPD and requested their help, but it was the **motel owner** who **authorized** the **employees under his supervision** to open the door of room 90 and verify what was going on.

To show that the Government has violated his Fourth Amendment rights, an individual must have a legitimate expectation of privacy in the invaded place."  <u>United States v. Crawford</u>, 323 F.3d 700, 706.  It is the defendant's burden to establish that he has a reasonable expectation of privacy in the place searched.  <u>See United States v. Bautista</u>, 362 F. 3d 854, 589 (9th Cir. 2004). It is well-settled that a defendant who fails to demonstrate a legitimate expectation of privacy in the area searched or the item seized will not have standing to claim that an illegal search or seizure occurred.  <u>Minnesota v. Olson</u>, 495 U.S. 91, 95, (1990); <u>United States v. Rheault</u>, 561 F.3d 55, 58 n. 8 (1st Cir. 2009) (quoting <u>United States v. Vilches–Navarrete</u>, 523 F.3d 1, 13 (1st Cir.2008)).  The inquiry involves a two-part test: first, whether the defendant had an actual, subjective, expectation of privacy; and second, whether that expectation "is one that society is prepared to recognize as objectively reasonable." <u>U.S. v. Rheault</u>, 561 F.3d at 59 (1st Cir.2009) (citing <u>Smith v. Maryland</u>, 442 U.S. 735, 740 (1979)).

Although a defendant may have a legally sufficient interest in a place other than his own home, … **a defendant lacks a legitimate expectation of privacy in a place, when he does not have permission to be present**.  <u>U.S. v. Battle</u>, 637 F.3d 44, 49 (1st Cir. 2011). *See* <u>United States v. McCarthy</u>, 77 F.3d 522, 535 (1st Cir.1996) (finding no legitimate expectation of privacy

because defendant left items in a trailer after the trailer's owner told defendant to leave); United States v. Rahme, 813 F.2d 31, 34 (2nd Cir.1987) (finding no legitimate expectation of privacy in hotel room after hotel guest failed to pay room bill), cited with approval in McCarthy, 77 F.3d at 535; *see also* United States v. Lnu, 544 F.3d 361, 366 (1st Cir.2008) (finding no legitimate expectation of privacy in storage locker because defendant failed to pay rent and facility operator had removed lock and imposed a lien on contents); United States v. Melucci, 888 F.2d 200, 202 (1st Cir.1989) (finding no legitimate expectation of privacy in storage locker because defendant failed to pay rent and facility operator removed lock).

The protections of the Fourth Amendment extend to such places as hotel or motel rooms. U.S. v. Bautista, 362 F.3d at 589.  With regards to a rented room, the Ninth Circuit has recognized that "part of what a person purchases when he leases a hotel room is privacy for one's person and one's things."  United States v. Young, 573 F. 3d 711, 716 (9th Cir. 2009). Nevertheless, a hotel **guest's reasonable expectation of privacy may be extinguished by either the expiration of the rental period or by its lawful termination**. See Bautista, 362 F.3d at 589-590.

In the instant case, the defendant does not dispute that his rental period had expired by the time the motel employees started the attempts to communicate with him, let alone by the time the door was opened and the PRPD agents entered the room.  The defendant paid a fee of thirty five ($35.00) dollars for an eight hour maximum stay at room 90.  Since the defendant entered the room around 7:49pm, his time was due by 4:00am and the management of La Roca motel was authorized to take affirmative steps towards the repossession and control of the room, as in fact they did.  The employees of the hotel: called the room multiple times; knock on the service box; rang the bell room; knocked on the window and air conditioner panel; and even disconnected the

U.S. v. Gilberto Varela Rivera
Crim. No. 12-00004 (JAF)

air conditioner, prior to opening room 90's door and allowing the agents to enter the room.  All their attempts to contact the defendant were futile.

Under the aforementioned circumstances, affirmative steps were taken to regain control of the room through private acts of dominion.  Therefore, the defendant no longer had a right to privacy in the room.  A hotel guest's reasonable expectation of privacy in a room is extinguished when a hotel takes "justifiable affirmative steps to repossess a room… and to assert dominion and control over it."  United States v. Cunag, 386 F.3d 888, 895 (9th Cir. 2004).

Based on the aforementioned, we do not believe the society would extend recognition of the defendant's expectation of privacy in room 90 of Motel La Roca beyond that of the defendant's.  The defendant's reasonable expectation of privacy in the room expired at 3:49a.m., on December 19, 2011.  Since the facts weight against a subjective expectation of privacy that the society would recognize as objectively reasonable or legitimate, the defendant has failed to meet his burden.  As such, suppression is not warranted under this argument.

**2.  Plain view exception**

Although the defendant claims evidence in this case was recovered from "closed containers", that description mischaracterizes the evidence.  Even since the origin of this case, when the Complaint and Affidavit in support were filed, the defense was in possession of information regarding the fact that the drugs found at room 90, were inside a *black colored see through meshed material bag* on top of the table.   (See Docket 1-1).  Moreover the *Report of Investigation Number 1,* provided as part of the discovery, also described the bag.  Finally, pictures were also provided in which the bag was seen with the drugs inside.  Therefore, the evidence supports that the drugs seized from room 90 were in plain view.

Under the plain view exception, a law enforcement officer may seized evidence if (1) the

6

<u>U.S. v. Gilberto Varela Rivera</u>
Crim. No. 12-00004 (JAF)

officer "did not violate the Fourth Amendment in arriving at the place from which evidence could be plainly viewed", (2) the item to be seized is in plain view" (3) its "incriminating character is immediately apparent", and (4) the officer has a lawful right of access to the object itself. <u>Horton v. California</u>, 496 U.S. 128, 136-37 (1990).

In the instant case, (1) the agent was lawfully inside room 90 and the defendant has no standing to challenge this contention; (2) the evidence was on top of a table inside a see through back and a second opened bag, therefore it was in plain view; (3) the illegal characteristic of the drugs seen by the agent gave him probable cause to believe they were related to criminal activity; (4) the agent had a lawful right to access the evidence because of his valid entry into the room. Therefore, the circumstances of the agent's discovery creates a compelling scenario for the application of the plain view exception.  As such, suppression of all the evidence found in the bags is not warranted.

   3.  **Defendant Statements**

Finally defendant claims that the statements he made to state and ATF agents are inadmissible because they were not voluntary and knowingly.

Confessions made after advisement and waiver of *Miranda* warnings are likely voluntary. <u>Missouri v. Seibert</u>, 542 U.S. 600, 608–09 (2004). S*ee also* <u>Berkemer v. McCarty</u>, 468 U.S. 420, 433 n. 20 (1984) ([C]ases in which a defendant can make a colorable argument that a self-incriminating statement was 'compelled' despite the fact that the law enforcement authorities adhered to the dictates of *Miranda* are rare.").

In the instant case, the Miranda form was read and explained to the defendant.  He signed the same and initialized each one of the warnings separately both at the PRPD offices and later on at the ATF offices.   Furthermore,  no  allegations  of  confusion  or  reasons  to  assume

U.S. v. Gilberto Varela Rivera
Crim. No. 12-00004 (JAF)

misunderstanding can be inferred from the facts of the case or the defense's motion for that matter.  Under the totality of the circumstances, the defendant's statements were the product of a rational intellect, free will and subject to the Miranda waiver. Therefore, suppression of the defendant's statements is not warranted.

## IV. CONCLUSION

Since the defendant had no expectation of privacy and the time the agents entered room 90 of Motel La Roca and the evidence was in plain view, defendant's claims as to the evidence seized have no merit and suppression of the same is not warranted.

On the other hand, since any statement made by the defendant was a voluntary and knowing act, suppression of the same is also unwarranted.

**WHEREFORE**, the United States of America respectfully requests that this Honorable Court takes notice of the aforementioned and summarily dismiss Defendant's Motion to Suppress without any further consideration of this matter.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 6th day of March, 2012.

**ROSA EMILIA RODRIGUEZ-VELEZ**
UNITED STATES ATTORNEY

*s/ María L. Montañez-Concepción*
**María L. Montañez-Concepción**
Special Assistant United States Attorney
U.S.D.C. No. 228301
350 Chardon Avenue
Torre Chardon, Suite 1201
Hato Rey, Puerto Rico, 00918
Tel:  787-766-5656
Fax: 787-771-4050
Email: Maria.L.Montanez@usdoj.gov

U.S. v. Gilberto Varela Rivera
Crim. No. 12-00004 (JAF)

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

*s/ María L. Montañez-Concepción*
**María L. Montañez-Concepción**
Special Assistant United States Attorney